UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:07-cr-43-FtM-29SPC

JORGE LUIS TAPANES
_____

## OPINION AND ORDER

     This matter comes before the Court on defendant's oral motion for a mistrial made during the trial of this case. The motion was based upon an alleged discovery violation when the government failed to disclose, prior to his testimony, the rough notes of a law enforcement officer. As directed by the Court, the government has filed the rough notes and the typewritten report which was disclosed to defendant prior to trial (Doc. #54). Defendant filed a Memorandum. (Doc. #55.)

    The applicable legal principles are well settled. <u>United States v. Camargo-Vergara</u>, 57 F.3d 993, 998-99 (11th Cir. 1995) stated:

> A discovery violation under Rule 16(a)(1)(A) or a standing discovery order is reversible error only when it violates a defendant's substantial rights. Substantial prejudice exists when a defendant is unduly surprised and lacks an adequate opportunity to prepare a defense, or if the mistake substantially influences the jury. Inadvertence does not render a discovery violation harmless; rather, the purpose of rule 16 is to protect a defendant's right to a fair trial rather than to punish the government's non-compliance.

(Citations omitted).

The Court finds no discovery violation. Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure requires the government to disclose "the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial." There is no dispute other than that the government disclosed the typewritten report summarizing the statement made by defendant to Special Agent Strang. Since the report was consistent with the rough notes, there was no requirement that the notes also be disclosed. Since defendant did not write, review, or otherwise adopt Special Agent Strang's notes, they were not a written or recorded statement of defendant within the meaning of Rule 16(a)(1)(B). Additionally, the Criminal Scheduling Order (Doc. #19) was not violated. The disclosure of oral statements, written statements, and recorded statements of defendant is limited "to the extent required by" Rule 16(a)(1)(A) and Rule 16(a)(1)(B). (Doc. #19, ¶¶I-B, C.) The rough notes of an agent which have been reduced to report form and provided to defendant need not be retained or produced. <u>United States v. Soto</u>, 711 F.2d 1558, 1562-63 (11th Cir. 1983). The rough notes were not substantially verbatim or adopted by defendant, and therefore were not producible under the Jencks Act. <u>United States v. Jordan</u>, 316 F.3d 1215, 1255 (11th Cir. 2003). Even if considered Special Agent Strang's Jencks Act statements, they were

produced at trial and available for use by defendant.  Finally, the Criminal Scheduling Order does not require the disclosure of rough notes, only the non destruction of them.  (Doc. #19, I-N.)  While the government's discovery letter mistakenly stated "None" under the "rough notes" category, this error was both harmless and obvious from the fact that other reports were disclosed despite the "none" representation.

Finally, even if there was a discovery violation, the Court finds no prejudice to defendant.  The handwritten notes are consistent with the typed report, so they need not be disclosed as <u>Brady</u> information.  The existence of the notes did not undermine defense counsel's argument that the agent did not record the interview by means of the variety of mechanical means he admitted were available.

Accordingly, it is now

**ORDERED**:

Defendant's oral motion for a mistrial is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of November, 2007.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record